SOLOMON PEARL BLUM HEYMANN & STICH LLP
Attorneys for Defendant
Bradford Black
40 Wall Street-35th Floor
New York, New York 10005
(212) 267-7600
David P. Stich (DPS #9096)
Jill H. Teitel (JHT #8559)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

ISAAC STENGEL                           :      08 Civ. 00416 (GEL)

                                        :
            Plaintiff,
                                        :
    -against-
                                        :

BRADFORD BLACK                          :

            Defendant.                  :
------------------------------------X

MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS COMPLAINT

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................. 2

FACTS ...................................................................................................................................... 3
    Plaintiff's Four Lawsuits Against Dr. Black ..................................................................... 4

ARGUMENT ............................................................................................................................ 7
    I. ............................................................................................................................................ 7
    IT IS PROPER FOR THIS COURT TO DISMISS THE COMPLAINT AS THIS COURT LACKS SUBJECT MATTER JURISDICTION; 28 U.S.C. 1343(a)(3) DOES NOT CONFER JURISDICTION TO AN INDIVIDUAL AGAINST ANOTHER INDIVIDUAL FOR THE CAUSE OF ACTION OF REPLEVIN. ............................................................................... 7
    II. ........................................................................................................................................... 9
    PLAINTIFF MUST BE ESTOPPED FROM BRINGING THIS CLAIM BECAUSE THE OHIO COURT OF COMMON PLEAS, AS AFFIRMED BY THE OHIO COURT OF APPEALS HAS ALREADY RULED ON THE MERITS OF THIS DISPUTE HOLDING THAT PLAINITFF HAS NO CAUSE OF ACTION AGAINST DR. BLACK .................................. 9
    III. ........................................................................................................................................ 12
    THE NEW YORK STATE SUPREME COURT HAS ALREADY DETERMINED THAT NEW YORK COURTS LACK A BASIS OF PERSONAL JURISDICTION OVER DR. BLACK ...... 12
    IV. ....................................................................................................................................... 13
    EVEN IF THE PLAINTIFF WAS NOT BARRED FROM BRINGING THIS REPLEVIN ACTION, IT HAS ALREADY BEEN DETERMINED THAT PLAINTIFF CANNOT SET FORTH FACTS SUFFICIENT TO SHOW THAT HE IS ENTITLED TO THE DIAMOND. ................................................................................................................................................. 13
    V. ......................................................................................................................................... 14
    THE THREE YEAR STATUTE OF LIMITATIONS FOR REPLEVIN HAS ELAPSED, THEREFORE, PLAINTIFF'S ACTION IS TIME BARRED AND SHOULD BE DISMISSED. ................................................................................................................................................. 14
CONCLUSION ...................................................................................................................... 16

TABLE OF AUTHORITIES

**Cases**

Adkickes v. S.H. Kress, 398 U.S. 144, 152, 90 S. Ct. 1598 (1970).................................... 8
Anonymous v. Kaye, 1995 U.S. Dist. LEXIS 15533 (S.D.N.Y. 1995), affirmed by 1996 U.S.
    App. LEXIS 33498 (2d Cir. 1996) ................................................................................ 11
Batsidis v. Batsidis, 9 A.D. 3d 342, 778 N.Y.S.2d 913 (2d Dept. 2004)............................ 14
Charry v. Hall...................................................................................................................... 8
Charry v. Hall, 709 F.2d 139 (2d Cir. 1983) ....................................................................... 7
City of Kenosha v. Bruno, 412 U.S. 507, 93 S. Ct. 2222 (1973) ........................................ 7
Deng v. Aramark Education Group, Inc., 2006 U.S. Dist. LEXIS 23460, *10 (E.D.N.Y.,
    2006), affirmed by 2007 U.S. App. LEXIS 25624 (2d Cir. 2007)................................. 10
Hughes v. Patrolmen's Benevolent Association of the City of New York, 850 F.2d 876, 880
    (2d Cir. 1988), writ. of cert. den., 488 U.S. 967, 109 S. Ct. 495 (1988) ......................... 7
Marchon Eyewear, Inc. v. Tura LP ................................................................................... 11
Marchon Eyewear, Inc. v. Tura LP., 1999 U.S. Dist. LEXIS 22993, *5 (E.D.N.Y., 1999).....10
Ortiz v. Cornetta, 867 F.2d 146, 148 (2d Cir. 1989)........................................................... 9
Pnuema-Flo Systems, Inc. v. Universal Machinery Corp., 454 F.Supp 858, 862 (S.D.N.Y.
    1978)............................................................................................................................. 12
Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002) ....................... 9
Solomon Guggenheim Foundation ................................................................................... 14
Solomon Guggenheim Foundation v. Lubell, 153 A.D.2d 143, 550 N.Y.S.2d 618 (1st Dept.
    1990), affirmed in part 77 N.Y.2d 311 (1991)............................................................... 14
Stengel v. Black .................................................................................................................. 4
Stengel v. Black, 2004 U.S. Dist. LEXIS 17398, *7 f.n.2 (S.D.N.Y., 2004).................... 14
Stephenson v. Dow Chemical Co., 273 F.3d 249 (2d Cir. 2001) ..................................... 10
Tuchrello v. United States Department of Agriculture, 2006 U.S. Dist. LEXIS 7641, *9
    (W.D.N.Y. 2006)........................................................................................................... 10
Van Brunt v. Rauschenberg, 799 F. Supp. 1467, 1473 (S.D.N.Y. 1992) .......................... 14

**Statutes**

28 U.S.C. §§1983 and 1985 ................................................................................................ 8
28 U.S.C. §§1983 or 1985................................................................................................ 3, 9
28 U.S.C. §1332 .................................................................................................................. 4
28 U.S.C. §1343(a)(3) .................................................................................................. 2, 6, 8
28 U.S.C. §1983 and §1985 ............................................................................................... 8
CPLR §214(3)................................................................................................................... 16
CPLR §214(3) and §206 .................................................................................................. 17
CPLR §302 ....................................................................................................................... 14
Fed. R. Civ. P 12(b)(1) ...................................................................................................... 7
Fed. R. Civ. P. 12(b)(6) .................................................................................................... 10

Fed. R. Civ. P. Rules 12(b)(1), (2) and (6) .................................................................. 2, 18
Moore's Federal Practice, Third Edition (2007) §104.47 p. 104-86 ...................................... 8
U.S. Const. Art. 4 §1 ........................................................................................................ 13

iii

Defendant, Dr. Bradford Black ("Dr. Black") submits this memorandum of law in support of his motion, pursuant to Fed. R. Civ. P. Rules 12(b)(1), (2) and (6), to dismiss the complaint for a lack of subject matter jurisdiction, the complaint fails to state a claim for which relief may be granted, and that the Court lacks personal jurisdiction over the defendant.

PRELIMINARY STATEMENT

For the fourth time, Plaintiff brings an action for return of a diamond from Dr. Black. In the first of two actions commenced in New York, this Court dismissed the action holding that it lacked subject matter jurisdiction. In the second New York action, the New York courts, both originally, and on appeal, dismissed the action holding there was no basis of personal jurisdiction over Dr. Black. In the third action, commenced in Ohio, the Ohio courts granted Dr. Black's motion for summary judgment holding there was no claim for replevin between Plaintiff and Dr. Black.

Plaintiff, now in his fourth complaint, asserts that this Court has jurisdiction over his private replevin action against Dr. Black pursuant to 28 U.S.C. §1343(a)(3), because the Ohio Courts denied him due process. Plaintiff believes that merely because the Ohio Court of Common Pleas, Stark County (the "Ohio Court") dismissed his complaint granting summary judgment to Dr. Black, his due process rights were violated and this Court is the now the proper court to seek redress against Dr. Black -- but he is wrong. Not only has Plaintiff failed to allege any cognizable claim under 28 U.S.C. §§1983 or 1985 to invoke jurisdiction under §1343, but he cannot make such a claim having invoked all of the judicial

2

procedures available in Ohio. Even then, Plaintiff's claim presented here is gain possession of a diamond, but Plaintiff's claim has been finally heard and determined against the Plaintiff on the merits, in spite of Plaintiff's dilatory conduct in those Ohio proceedings.

In light of the Ohio Court's ruling on the merits, Plaintiff's action against Dr. Black is now barred. Moreover, the three year statute of limitations regarding this action has run, it having accrued in 2002. And, just as found and affirmed by the New York State Courts, there is no basis of personal jurisdiction in New York of Dr. Black. Accordingly, this action must be dismissed.

FACTS

Dr. Black purchased a 5.10 carat GVS2 quality solitaire diamond (the "Diamond") from an individual named David Rosental ("Rosental") on or about June 6, 1996. Dr. Black initiated this sales transaction by a telephone from his office in Ohio. All subsequent communications between Dr. Black and Rosental took place while Dr. Black was in the State of Ohio. Black Aff. ¶3[1] and Exh. A thereto. The terms of the sale were negotiated by Dr. Black from his office in Ohio, payment was made by Dr. Black via a wire transfer from Dr. Black's bank in Ohio. Id. Dr. Black took delivery of the Diamond in Ohio. Id.

Plaintiff's former counsel, Melvin H. Berheimer, Esq. sent Dr. Black a letter dated October 22, 2002, which Dr. Black received at his residence in Ohio, demanding return of the Diamond. Black Aff. ¶4. Dr. Black had no knowledge of, or contact with, Plaintiff before he received the October 22, 2002 letter. Black Aff. ¶¶ 4,5  Dr. Black communicated with

---

[1] Black Aff. __ shall refer to the Affidavit of Dr. Bradford Black submitted in support of the Defendant's Motion to Dismiss.

3

Plaintiff shortly after he received this letter and Dr. Black refused to give the Diamond or any money to Plaintiff. Black Aff. ¶6.

<u>Plaintiff's Four Lawsuits Against Dr. Black</u>

This is the fourth time that Plaintiff brings a claim for return of the Diamond which he alleges belongs to him. The Plaintiff commenced his first action in January, 2003 against Dr. Black in this Court, a case entitled, <u>Stengel v. Black</u>, Docket No. 03 Civ. 495 (GEL) (hereinafter, the "First Federal Action"), claiming diversity jurisdiction pursuant to 28 U.S.C. §1332. The parties engaged in six months of discovery including depositions of Plaintiff and Dr. Black. Dr. Black filed a motion for summary judgment and, on August 26, 2004, this Court dismissed the complaint in the First Federal Action based upon lack of subject matter jurisdiction because the Plaintiff's damages (value of the Diamond) did not meet the jurisdictional requirements. Teitel Aff., Exh. B.[2]

Plaintiff filed his second action in the New York State Supreme Court, County of New York on December 1, 2004 (the "New York State Court Action"). Dr. Black moved to dismiss that complaint. By decision of Justice Debra A. James dated August 2, 2005, the complaint was dismissed for lack of personal jurisdiction over Dr. Black, relying upon the discovery elicited in the First Federal Action, stating that the "Plaintiff has failed to carry the burden of establishing that this court has personal jurisdiction over the defendant." Teitel Aff., Exh. D. Plaintiff appealed Justice James' decision and after oral argument on April 27, 2006, the

---

[2] Teitel Aff. Exh. __ shall refer to the Affirmation of Jill H. Teitel, Esq. submitted in support of the Defendant's Motion to Dismiss.

4

Supreme Court of the State of New York, Appellate Division, First Judicial Department, affirmed Justice James' decision. Teitel Aff., Exh. E.

Plaintiff commenced his third action on December 29, 2005 in the Columbiana County Court of Common Pleas in Ohio, alleging claims for unjust enrichment, conversion and failure to acquire good title (the "Ohio Action"). The case was transferred to the Stark County Court of Common Pleas in Ohio ("Ohio Court") in March, 2006 on Dr. Black's Motion for Change of Venue. Teitel Aff., Exh. F. Dr. Black thereafter moved for summary judgment in the Ohio Action. Plaintiff failed to timely file a responsive pleading to that motion and requested, by informal letter, an extension of time to do so. Nevertheless, the Ohio Court gave Plaintiff additional time to respond. Plaintiff did not timely respond again. The Ohio Action was dismissed by Order of Judge Charles E. Brown, Jr. on September 1, 2006, because, as Judge Brown stated, "there are no genuine issues of material fact." Teitel Aff. Exh. G. The Plaintiff subsequently wrote another letter to the Court requesting that the Court vacate the September 1, 2006 order. The Ohio Court treated the letter as a motion for relief from the September 1, 2006 order and denied the motion by judgment dated September 13, 2006 stating that Plaintiff did not satisfy the requirements for relief from an order. Teitel Aff., Exh. H.

Judge Brown's opinion stands for the premise that, since Dr. Black was a good faith purchaser in the ordinary course of business, Dr. Black was blameless and not culpable of committing the act of conversion.

The Plaintiff appealed Judge Brown's Orders of September 1 and September 13, 2006 to the Court of Appeals, Stark County Ohio, Fifth Appellate District ("Ohio Court of Appeals"), which affirmed Judge Brown's Order. Not stopping there, on May 21, 2007, Plaintiff appealed the Order of the Ohio Court of Appeals to the Supreme Court of Ohio. The Supreme Court of the State of Ohio declined jurisdiction to hear the appeal. Teitel Aff. Exh. J.

Now, for the fourth time, after losing on the merits in Ohio, Plaintiff returns to this forum, Plaintiff commences his replevin action against Dr. Black, alleging federal subject matter jurisdiction based on 28 U.S.C. §1343(a)(3), and even though Plaintiff's claims have already been decided on its merits by the Courts of Ohio and it has been determined that there is no basis of personal jurisdiction for Dr. Black to be hailed into court here.

ARGUMENT

I.

IT IS PROPER FOR THIS COURT TO DISMISS THE COMPLAINT AS THIS COURT LACKS SUBJECT MATTER JURISDICTION; 28 U.S.C. 1343(a)(3) DOES NOT CONFER JURISDICTION TO AN INDIVIDUAL AGAINST ANOTHER INDIVIDUAL FOR THE CAUSE OF ACTION OF REPLEVIN.

A motion to dismiss pursuant to Fed. R. Civ. P 12(b)(1) is appropriate where there is no federal right implicated. City of Kenosha v. Bruno, 412 U.S. 507, 93 S. Ct. 2222 (1973). "The exercise of federal jurisdiction must first be tested against the allegations in the complaint. To withstand a motion to dismiss, a federal claim may be stated with substance sufficient to confer subject matter jurisdiction. The required specificity of pleadings must be examined by the standard that complaints containing only conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights will be dismissed." (internal citations omitted) See Hughes v. Patrolmen's Benevolent Association of the City of New York, 850 F.2d 876, 880 (2d Cir. 1988), writ. of cert. den., 488 U.S. 967, 109 S. Ct. 495 (1988) and Charry v. Hall, 709 F.2d 139 (2d Cir. 1983).

Title 28 U.S.C. §1343(a)(3) is the jurisdictional statute for claims pursuant to 28 U.S.C. §1983 and §1985. Therefore, federal question jurisdiction pursuant to 28 U.S.C. §1343(a)(3) is only appropriate when a claim is brought in an action to seek redress under those sections of the United States Code, to wit, actions:

> (a) to recover damages for injury to person or property by any act done in furtherance of any conspiracy mentioned in Section 1985 of Title 42 of the United States Code;

>   (b) to recover damages from any person who fails to prevent or to aid in preventing any wrong that (1) he or she knew was about to occur and had the power to prevent, and (2) is mentioned in Section 1985 of Title 42 of the United States Code;
>   (c) to redress the deprivation by a state actor or under color of state law of any rights, privilege or immunity secured by the United States Constitution;
>   (d) to recover damages or to obtain equitable relief under any act of Congress providing for the protection of civil rights including voting rights.

Moore's Federal Practice, Third Edition (2007) §104.47 p. 104-86.

Not only must a proper action be pled under 28 U.S.C. §§1983 and 1985, a court properly dismisses an action where the plaintiff has utilized all judicial procedures available to him or her. See, Adkickes v. S.H. Kress, 398 U.S. 144, 152, 90 S. Ct. 1598 (1970); Charry v. Hall, supra (The Court affirmed dismissal of a psychologist's complaint who claimed that by not being permitted to sit for a state wide examination for licensure as a psychologist his due process rights under the Fourteenth Amendment of the Constitution were infringed by various state agencies. The Court held that the plaintiff was accorded due process by the state's administrative procedures in place and used by the plaintiff).

Plaintiff does not set forth the facts of a claim for relief 28 U.S.C. §§1983 or 1985. It is immediately apparent that Plaintiff was afforded his due process rights in the Ohio Action. In fact, the Ohio Court granted him additional time to submit papers in opposition to Dr. Black's motion for summary judgment. The Plaintiff did not abide by the Ohio Court's grant of additional time, and the Ohio Court granted Dr. Black summary judgment. The Ohio then went so far as to accept a letter from Plaintiff's as a motion for relief from the order granting

Dr. Black summary judgment, but denied the motion as insufficient under the Ohio rule of civil procedure. Plaintiff appealed the Ohio Court's decisions and, pursuant to the rules of Court in Ohio the appellate court declined jurisdiction of the appeal of the order granting summary judgment as untimely and affirmed the lower court decision on denial of the motion for relief from the summary judgment order. Teitel Aff. Exh. I. Plaintiff went on to appeal to the Ohio Supreme Court which in turn declined jurisdiction. In short, Plaintiff exercised and was afforded all due process rights, despite his failure to follow that court's rules and orders. Any shortcoming, as pointed out by the Ohio Court of Appeals was the result of Plaintiff being "the architect of his own demise." Id.

In short, just as in the First Federal Action, this Court lacks subject matter jurisdiction and this case must be dismissed.

II.

PLAINTIFF MUST BE ESTOPPED FROM BRINGING THIS CLAIM BECAUSE THE OHIO COURT OF COMMON PLEAS, AS AFFIRMED BY THE OHIO COURT OF APPEALS HAS ALREADY RULED ON THE MERITS OF THIS DISPUTE HOLDING THAT PLAINITFF HAS NO CAUSE OF ACTION AGAINST DR. BLACK

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) should be granted when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Ortiz v. Cornetta, 867 F.2d 146, 148 (2d Cir. 1989). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002).

"Under the doctrine of claim preclusion or res judicata, a final judgment on the merits bars relitigation of the same cause between the same parties and is therefore a proper basis for dismissal under Rule 12(b)(6). (citations omitted)." Marchon Eyewear, Inc. v. Tura LP., 1999 U.S. Dist. LEXIS 22993, *5 (E.D.N.Y., 1999). Further, a grant of summary judgment is a decision on the merits. Deng v. Aramark Education Group, Inc., 2006 U.S. Dist. LEXIS 23460, *10 (E.D.N.Y., 2006), affirmed by 2007 U.S. App. LEXIS 25624 (2d Cir. 2007).

The doctrine of res judicata prevents Plaintiff from re-litigating this instant replevin action where there was "(1) a final judgment on the merits; (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies; (4) involving the same cause of action." Tuchrello v. United States Department of Agriculture, 2006 U.S. Dist. LEXIS 7641, *9 (W.D.N.Y. 2006), quoting Stephenson v. Dow Chemical Co., 273 F.3d 249 (2d Cir. 2001) (court determined that pro se plaintiffs who, defaulted on their FMLA loans and sought redress in federal court under the First, Fourth, Fifth, Seventh, Thirteenth and Fourteenth and Fifteenth Amendments to the Constitution, could not bring their third lawsuit in federal court and second administrative proceeding because they were barred by the doctrine of res judicata. The court held as a matter of law and fact that the nature of their third action was frivolous as a matter of law and in fact; the court aptly stated, "While plaintiffs may not have skillfully presented their claims, they were never denied an opportunity to present them.")

Plaintiff brought his Ohio complaint sounding in replevin, unjust enrichment and failure to acquire good title. Plaintiff had ample opportunity to litigate this replevin action

against Dr. Black in the Ohio forum. Before the Court of Common Pleas, Plaintiff had sufficient time, and was granted additional time, to oppose Plaintiff's motion for summary judgment. Plaintiff did not avail himself of the time or the additional time. When Dr. Black's motion for summary judgment was granted, Plaintiff moved the Ohio Court to grant him relief from the order, a motion which was denied based on Ohio court rules substantially similar to this Court's rules. Plaintiff appealed both the order dismissing his Ohio Action and the order denying him relief from the order granting summary judgment to the Ohio Court of Appeals, which declined jurisdiction as to the first order on appeal and which affirmed the lower court's decision as to the second. Plaintiff thereafter sought to have his case heard by the Supreme Court of Ohio which refused jurisdiction over the appeal.[3]

There has been a final determination by the Ohio courts on the merits of Plaintiff's claim, asserted here, against Dr. Black. As such, Plaintiff's claim is now barred.

Additionally, the Ohio judgment should be given the same effect as a judgment rendered in this Court. Under the Full Faith and Credit Clause, a federal court presented with a state court judgment must give that judgment the same force and effect that it has within the state it was rendered. U.S. Const. Art. 4 §1. Anonymous v. Kaye, 1995 U.S. Dist. LEXIS 15533 (S.D.N.Y. 1995), affirmed by 1996 U.S. App. LEXIS 33498 (2d Cir. 1996).

---

[3] This Court may take judicial notice of the relevant pleadings, orders and judgments in the Ohio Action in deciding upon this instant Motion to Dismiss and dismiss the Plaintiff's complaint. See, Marchon Eyewear, Inc. v. Tura LP, *supra*.

III.

THE NEW YORK STATE SUPREME COURT HAS ALREADY DETERMINED THAT NEW YORK COURTS LACK A BASIS OF PERSONAL JURISDICTION OVER DR. BLACK

In the New York State Action, the New York Supreme Court, as later affirmed by the First Department Appellate Division, determined that New York's long arm statute, CPLR §302 could not be used to assert jurisdiction over Dr. Black. Judge James reviewed the pleadings in the New York State Action and relevant deposition testimony, affidavits and exhibits from both parties and determined that Plaintiff failed to meet its burden of showing the courts of New York have a basis of personal jurisdiction over Dr. Black. Teitel Aff. Exh. D. Judge James' decision was affirmed by the First Department, and also stated that for in personam jurisdiction to exist, Dr. Black would have had to maintain minimum contacts with the state of New York, which he did not.

Pursuant to New York law, the burden is solely upon the Plaintiff to "[establish] by a preponderance of the evidence that defendant's person is properly before the court . . ." Pnuema-Flo Systems, Inc. v. Universal Machinery Corp., 454 F.Supp 858, 862 (S.D.N.Y. 1978). Plaintiff could not bear this burden before the New York State Courts. Plaintiff can still not bear this burden under New York law as nothing has changed concerning Dr. Black's contacts with New York State.

Dr. Black does not derive any revenue from interstate or international commerce. Black Aff. ¶8. Dr. Black does not own, use or possess any real property situated in the state

of New York. Black Aff. ¶9. Dr. Black maintains no contacts with the state of New York. Black Aff. ¶¶7-11.

Dr. Black did not commit a tortious act within or outside the State of New York. Even if this Court entertains the possibility that Dr. Black's acquisition of the Diamond was akin to a tortious act, he negotiated for, contracted for, originated payment for and received delivery of the diamond in the state of Ohio. Black Aff. ¶3.

All of the facts regarding Dr. Black's lack of contacts with the State of New York are the same as they were at the time of the filing of the First Federal Action and the New York State Action. In short, Dr. Black still lacks sufficient minimum contacts with New York, and it would be unfair and unreasonable to force Dr. Black to defend himself in this forum.

IV.

EVEN IF THE PLAINTIFF WAS NOT BARRED FROM BRINGING THIS REPLEVIN ACTION, IT HAS ALREADY BEEN DETERMINED THAT PLAINTIFF CANNOT SET FORTH FACTS SUFFICIENT TO SHOW THAT HE IS ENTITLED TO THE DIAMOND.

This Court thoroughly and thoughtfully rendered an opinion in the First Federal Action and in that opinion set forth the elements of a cause of action based in replevin.

> "In order to establish a cause of action for conversion under New York law, a plaintiff must allege that he has an immediate superior right of possession to a specific identifiable thing and that a defendant with intent to interfere with such ownership or possession exercised dominion or actually interfered with the property to the exclusion of or in defiance of the plaintiff's rights. Similarly, to establish a cause of action in replevin, the owner of the property must demonstrate that he has an immediate and superior right to possession of the chattel including proof of ownership."

13

Stengel v. Black, 2004 U.S. Dist. LEXIS 17398, *7 f.n.2 (S.D.N.Y., 2004) (quoting, Van Brunt v. Rauschenberg, 799 F. Supp. 1467, 1473 (S.D.N.Y. 1992). See also, Batsidis v. Batsidis, 9 A.D. 3d 342, 778 N.Y.S.2d 913 (2d Dept. 2004).

The Ohio Court of Common Pleas held, as between Plaintiff and Dr. Black, that there was no claim for replevin, that Plaintiff had no immediate superior right of possession in the Diamond. The ruling has claim and issue preclusive effect as against the Plaintiff so as to bar re-litigation of this issue in this action.

V.

THE THREE YEAR STATUTE OF LIMITATIONS FOR REPLEVIN HAS ELAPSED, THEREFORE, PLAINTIFF'S ACTION IS TIME BARRED AND SHOULD BE DISMISSED.

Should this Court believe that Plaintiff has somehow set forth sufficient facts to bring this replevin action, the time for bringing this action has elapsed. New York has a three year statute of limitations for a replevin action. See CPLR §214(3). The action accrues as against a good faith purchaser when a demand is made for the return of the property and refused. Solomon Guggenheim Foundation v. Lubell, 153 A.D.2d 143, 550 N.Y.S.2d 618 (1st Dept. 1990), affirmed in part 77 N.Y.2d 311 (1991) and CPLR §214(3) and §206. There is a distinction to be made, for statute of limitations purposes, between the accrual of the replevin action as against a thief and as against a good faith purchaser. In the former case, the statute of limitations begins to run immediately from the occurrence of the theft, as opposed to the later case, where the point of accrual is measured from the time a demand is made for the return of the property and refused. See Solomon Guggenheim Foundation, *supra*.

14

At the latest, Plaintiff's replevin cause of action accrued when Plaintiff demanded the "return" of the Diamond and Dr. Black rejected Plaintiff's assertion of ownership in the Diamond, October 22, 2002   Plaintiff's time to bring this replevin action expired three years from the time upon which such demand was made by Plaintiff and rejected by Dr. Black, which was late-2005.  Plaintiff cannot now, in 2008 bring a claim for replevin against Dr. Black.  The statute of limitations has long since expired.

CONCLUSION

For the foregoing reasons, Defendant Dr. Bradford Black requests that this Court grant his motion to dismiss the complaint in all respects and enter an order pursuant to Fed. R. Civ. P. Rules 12(b)(1), (2) and (6) dismissing the complaint in its entirety. The Defendant further requests that his costs for this motion be awarded.

Dated:      New York, New York
            February 11, 2008

SOLOMON PEARL BLUM
HEYMANN & STICH LLP

By: _____
David P. Stich (DS#9096)
Jill H. Teitel (JT#8559)
40 Wall Street-35th Floor
New York, New York 10005
Telephone: (212) 267-7600
Telecopier: (212) 267-2030
Attorneys for Defendant

16